UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN CLIETT-HENDERSON,
on behalf of her minor son,
Brandon Michael Cliett,

      Plaintiff,                             CIVIL ACTION NO. 14-CV-12209

vs.                                 DISTRICT JUDGE ROBERT H. CLELAND

                                      MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Lynn Cliett-Henderson seeks judicial review of Defendant the Commissioner of Social Security's determination that her minor son, Claimant Brandon Cliett, is not entitled to Social Security benefits for his mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 17) and Defendant's Motion for Summary Judgment (docket no. 18). Plaintiff filed a Response to Defendant's Motion. (Docket no. 19.) The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

**I.     RECOMMENDATION**

The undersigned recommends that Plaintiff's Motion for Summary Judgment [17] be **DENIED** and that Defendant's Motion for Summary Judgment [18] be **GRANTED**.

1

## II.     PROCEDURAL HISTORY

Plaintiff filed an application for Supplemental Security Income ("SSI") childhood disability benefits on Claimant's behalf with a protective filing date of April 19, 2011, alleging that Claimant had been disabled since March 1, 2003, due to attention deficit hyperactivity disorder ("ADHD") and Asperger's syndrome.   (TR 13, 16.)   The Social Security Administration denied benefits.   (TR 13).   Plaintiff requested a hearing, which was held on January 16, 2013, before Administrative Law Judge ("ALJ") Patricia S. McKay, who subsequently found that the Claimant was not entitled to disability benefits.   (TR 16-27.)   Plaintiff and Claimant, with Plaintiff's attorney present, testified at the hearing.   (TR 13.)   The ALJ determined that Claimant was not entitled to childhood disability benefits because he "d[id] not have an impairment or combination of impairments that resulted in either 'marked' limitations in two domains of functioning or 'extreme' limitations in one domain of functioning."   (TR 27.)   The Appeals Council declined to review the ALJ's decision (TR 1) and Plaintiff commenced the instant action for judicial review on behalf of Claimant.   The parties then filed their respective Motions.

## III.     TESTIMONY AND RECORD EVIDENCE

Plaintiff (docket no. 17 at 7-19), Defendant (docket no. 18 at 4-8), and the ALJ (TR 16-27) each set out a detailed factual recitation with regard to Claimant's medical record.   There are no material inconsistencies between these accounts; therefore, the undersigned will incorporate these factual recitations by reference.   Nevertheless, the undersigned has conducted an independent review of Claimant's medical record and will include comments and citations as necessary throughout this Report and Recommendation.

Claimant testified at the hearing and indicated that he was fifteen years old and attending

2

high school in the ninth grade.   (TR 61.)   Claimant testified that he had friends at school (TR 62);  he participated in community choir for the past year (TR 63-64); made his own stove-top breakfast; and completed most of his homework at school (TR 65).

Plaintiff also testified at the hearing.   She testified that the Claimant was her only child.  (TR 37.)   Plaintiff indicated that Claimant was in special education for ten hours per week, his grades were B/C averages, he finished his homework with assistance, and he completed his chores when consistently reminded.   (TR 39-40.)   Plaintiff told the ALJ that Claimant had been suspended "anywhere from three to five" times in the seventh grade (TR 53) for cursing in class, disrespecting the teacher, and fighting (TR 41-42).   But, the Claimant had not been suspended in the past two school years.   (TR 42.)   Further, Plaintiff testified that Claimant was defiant, fought, and wet the bed.   (TR 40-43.)   Claimant had repeated the sixth grade.   (TR 54.)

Plaintiff testified that she asked Claimant to care for their dog, clean his room, and do the dishes at home as part of his chores.   (TR 39-40.)   She told the ALJ that Claimant would start these tasks, but she had to stay on top of him and remind him to finish.   (TR 40.)   Plaintiff also indicated that she had to do the same with regard to Claimant's homework.   And even so, Claimant would forget his completed homework at home and fail to turn it in for credit.   (TR 44.)  Plaintiff testified that Claimant did not take care of his hygiene, like brushing his teeth or taking a shower, unless she told him to do so.   (TR 46, 56.)

With regard to his social interactions, Plaintiff testified that Claimant took trips to the movies with his community choir.   (TR 44.)   Claimant, accompanied by his aunt, attended an out-of-state, week-long trip with his choir the previous summer.   (*Id.*)   Claimant was relatively well behaved on this trip.   (TR 45.)   Plaintiff was fearful of leaving Claimant at home alone

3

2:14-cv-12209-RHC-MKM   Doc # 21   Filed 08/12/15   Pg 4 of 13   Pg ID 456

because of his history of destructive behavior inside the home.   (TR 55.)

## IV.   Administrative Law Judge's Determination

After finding that Claimant was a school-aged child on the date the application was filed, that he was an adolescent on the date the decision was entered, and that Claimant had not engaged in substantial gainful activity since the date the application was filed, the ALJ determined that Claimant was impaired by severe ADHD and Asperger's syndrome.   (TR 16.)   Although the Claimant was diagnosed with intermittent asthma and allergies to trees and grass, the Plaintiff "testified that he ha[d] no physical difficulties with asthma because it [wa]s controlled with medications."   (*Id.*)   Thus, the ALJ determined that the asthma was a non-severe impairment. (*Id.*)   The ALJ found that Claimant's impairments did not meet or medically equal any of those found in the Listing of Impairments.   (*Id.*)   Specifically, the ALJ found that Claimant's impairments did not "functionally equal" the listings because he did not have an impairment or combination of impairments that resulted in two marked limitations or one extreme limitation in the applicable domains of functioning.   (TR 16-27.)   Therefore, the ALJ found that Claimant was not disabled under the Social Security Act from April 19, 2011, through the date of her decision. (TR 27.)

## V.   Law and Analysis

### A.   Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.   Judicial review of the Commissioner's decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.   *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127

4

F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.   It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts").

### B.    Eligibility For SSI Childhood Disability Benefits

A child will be considered disabled if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations."   42 U.S.C. § 1382c(a)(3)(C)(i).  To determine whether a child's impairments result in marked and severe limitations, Social Security Administration ("SSA") regulations prescribe a three-part evaluation:

1.  A child will be found "not disabled" if he engages in substantial gainful activity.

2.   A child will be found "not disabled" if he does not have a severe impairment or combination of impairments.

3.   A child will be found "disabled" if he has an impairment or combination of impairments that meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1.

20 C.F.R. § 416.924(a)-(d) (2010).

To determine whether a child's impairment(s) functionally equal(s) the listings, the SSA assesses the functional limitations caused by the child's impairment(s).   20 C.F.R. § 416.926a(a)(2010).   To do so, the SSA considers how a child functions in six domains:

1.   Acquiring and using information;

2.   Attending and completing tasks;

3.   Interacting and relating with others;

4.   Moving about and manipulating objects;

5.   Caring for yourself; and

6.   Heath and physical-being.

20 C.F.R. § 416.926a(b)(1).   If a child's impairments result in "marked" limitations in two domains, or an "extreme" limitation in one domain, the impairment functionally equals the listing, and the child is considered disabled.   20 C.F.R. § 416.926a(d).

C.    **Analysis**

The Social Security Act authorizes "two types of remand: (1) a post-judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six

6

remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).   Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing.  42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration."   *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).   Plaintiff argues that this matter should be reversed or remanded under sentence-four because the ALJ's functional-equivalence analysis is not supported by substantial evidence in the following domains: (1) interacting and relating with others; and (2) caring for himself.   (Docket no. 17 at 8-20.)

## 1.   The Domain of Interacting and Relating With Others

Plaintiff first argues that the ALJ erred by failing to find that Claimant is markedly limited in the domain of interacting and relating with others, asserting that the record supports such a finding. (Docket no. 17 at 8-15.)   Defendant argues that regardless of whether the record does support such a finding, the ALJ's decision is supported by substantial evidence.   (Docket no. 18 at 11-18.)

A claimant's ability to interact and relate with others refers to "how well a child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others. . . . at home, at school, and in the community."   (TR 23 (citing 20 C.F.R. § 416.926a(i) and SSR 09-5p).)   With regard to Claimant's ability to interact and relate with others, the ALJ found, in full, as follows:

7

The claimant has less than marked limitation in interacting and relating with others. Although the claimant's mother testified that he talks back to her and teachers and goes through household members' property and takes their items, the overwhelming amount of evidence establishes less than marked limitation in this area. For example, the claimant is involved in a community choir program as the pianist. The claimant participates in group field trips including overnight excursions. The claimant goes on numerous tours outside the state. The claimant has had no disciplinary problems while in this group.

Furthermore, although the claimant has a history of suspensions, he has not been suspended since the seventh grade, which is almost two years. The claimant has many friends at schools and good relationships with family members. In fact, the claimant frequently spends the night at his older cousins' house. The claimant is not dating anyone at this time because his mother forbids it.

(TR 24.)

Plaintiff first argues that the ALJ's decision in the area of interacting and relating to others "ignores most of the relevant information in the record about [Claimant's] functioning in this domain. … as an attempt to minimize [Claimant's] overall impairment [that] demonstrates an attempt to 'average' the degree of impairment." (Docket no. 17 at 13.) In support of this assertion, Plaintiff relies on Dr. Paul D. Ward's initial assessment of Claimant and the Teacher Questionnaires completed by Plaintiff's teachers, Joyce Mann and Cynthia Martin. (Docket no. 17 at 13-15.) Defendant argues that "Plaintiff marshals evidence that supports her position, but she is not entitled to remand simply because she can point to evidence in the record that might support different conclusions than those reached by the ALJ." (Docket no. 18 at 11.) That is, "it is the [ALJ's] rationale that is under review," not Plaintiff's. *Christephore v. Comm'r of Soc. Sec.*, No. 11-13547, 2012 WL 2274328 (E.D. Mich. June 18, 2012). Thus, regardless of whether Plaintiff can support an alternative ultimate finding, "this court cannot engage in post-hoc rationalizations." *See Hunter v. Astrue*, No. 1:09 CV 2790, 2011 WL 6440762, at *4 (N.D. Ohio Dec. 20, 2011) (citing *S.E.C. v. Chenery*, 332 U.S. 194, 196 (1947)).

8

The undersigned agrees with Defendant.   One of Plaintiff's primary arguments is that the ALJ "relied on the unsupported claim that [Claimant] 'has many friends at schools, (sic)' with no citation to the record."   (Docket no. 17 at 13.)   But regardless of whether the ALJ cited to this evidence, Claimant testified at the hearing that he had friends in grade school and middle school and that he also made new friends in high school.   (TR 62.)   The ALJ, following 20 C.F.R. § 416.926a(b) and (c), "evaluated the 'whole child' in making findings regarding functional equivalence."   (TR 17.)   The ALJ reasonably concluded that Claimant had limitations in the domain of interacting and relating with others, but those limitations were less than marked.   The ALJ's decision is supported by substantial evidence, and Plaintiff's Motion should be denied with regard to this issue.

## 2.   The Domain of Caring for Yourself

Plaintiff also asserts that the record supports a finding of a marked impairment in the functional area of caring for self.   (Docket no. 17 at 18-19.)   Here, Plaintiff contends that the ALJ failed to consider "the actual evidence in the record" and that her conclusion "was not supported by substantial evidence."   (Docket no. 17 at 19.)   In general, Plaintiff asserts that the ALJ failed to adequately support her conclusion that Claimant does not have a marked limitation in the area. (*Id.*)   Defendant argues that the ALJ's decision is supported by substantial evidence.   (Docket no. 18 at 18-22.)

A claimant's ability to care for himself refers to "how well a child maintains a healthy emotional and physical state, including how well a child satisfies his physical and emotional wants and needs in appropriate ways."   (TR 25 (citing 20 C.F.R. § 416.926a(k) and SSR 09-7p).)   "This includes how the child copes with stress and changes in the environment and how well the child

takes care of his own health, possessions, and living area." (*Id.*) With regard to Claimant's ability to care for himself, the ALJ found, in full, as follows:

> The claimant has less than a marked limitation in the ability to care for himself. It was testified that the claimant performs personal care with reminders. Although the claimant's mother testified that he throws his clothes around his room, it is established that the claimant cleans his home at times and performs other household chores such as caring for the dog and taking out the trash. The claimant also cooks for himself using the microwave and stove. In addition, the claimant's teachers opined that he had no difficulties with caring for himself. Exhibit 7E.
>
> The claimant apparently sprayed himself with pepper spray while playing around in April 2011 because he did not know what it was. This appears to be an accident.

(TR 26.)

Plaintiff argues that the "ALJ's rationale for finding [Claimant] less than markedly impaired in this domain again relies on an incomplete consideration of the record, contrary to the Defendant's directive to consider the whole child." (Docket no. 17 at 18.) Further, Plaintiff argues that the ALJ's finding is flawed because of the failure to recognize that Claimant's teachers indicated that he had very serious impairments in several activities listed under the domain of "caring for self." (*Id.*) As the ALJ noted, Claimant's teachers

> opined that the claimant has no problems with taking care of personal hygiene, caring for physical needs, and knowing when to ask for help. However, the claimant was noted to have extreme problems with handling frustration appropriately, being patient when necessary, responding appropriately to changes in own mood, and using appropriate coping skills to meet daily demands of school environment.

(TR 20.) Nonetheless, the ALJ did not fully adopt the teachers' opinions "because the teachers had only known the claimant for six weeks and the severity of some limitations is inconsistent with the remaining evidence of record." (*Id.*)

10

While, again, there is evidence to support Plaintiff's assertions, nothing in Plaintiff's argument gives the Court a basis for rejecting the ALJ's well-reasoned opinion.   At most, Plaintiff has shown that the ALJ's decision fell within her zone of choice.   There is substantial evidence supporting the ALJ's conclusion.   Therefore, Plaintiff's motion should be denied with regard to this issue.

### 3.   The Medical Opinions of Record

Plaintiff's next argument dovetails with her first arguments in that she challenges the ALJ's discussion of the medical opinions of record, including those of Dr. Paul Ward, teacher Joyce Mann, resource teacher Cynthia Martin, and Dr. Kehinde Ayeni.   (Docket no. 17 at 13-19.) In her decision, the ALJ discussed the opinions of Dr. Ayeni, Claimant's ADHD treating psychiatrist; Dr. Ward, Plaintiff's initial assessment psychologist for Asperger's syndrome; Dr. Kathy Morrow, a consultative examiner; Ms. Martin, Plaintiff's resource teacher; and Ms. Mann, Plaintiff's teacher.   (TR 18-21.)

The opinion of an examining source is generally accorded more weight than is the opinion of a source who did not examine the claimant.   20 C.F.R. § 404.1527(c)(1).   The opinion of a state agency medical or psychological consultant is reviewed in the same manner as is the opinion of a non-examining physician or psychologist.   20 C.F.R. § 404.1527(e).   Additionally, the Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion."   20 C.F.R. § 404.1527(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."   *Wilson v. Comm'r*, 378

F.3d 541, 544 (6th Cir. 2004) (citing Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *5 (1996)).

Plaintiff points out that the ALJ failed to mention Dr. Ward's conclusion of the Claimant's persisting social deficits despite "improvement in attention and concentration with additional medications." (Docket no. 17 at 14.) The ALJ does mention the social defects, but she chooses to afford more weight to the behavioral improvements through medication as evidenced by the Claimant's rise in average grades. (TR 19.) The ALJ did not err in weighing the evidence in this manner. Regarding teachers Mann and Martin, the ALJ did not fully adopt their opinions "because the teachers had only known the claimant for six weeks and the severity of some limitations [was] inconsistent with the remaining evidence of record." (TR 20.) And with regard to Dr. Ayeni's opinion, the ALJ found that it was inconsistent with her own findings and, thus, afforded her opinion no weight. (*Id.*)

The ALJ did provide sufficient rationale for the weight she gave to each of the opinions of record discussed above. Therefore, Plaintiff's Motion should be denied with regard to this issue.

## VI. Conclusion

For the reasons stated herein, Plaintiff's Motion for Summary Judgment [17] should be DENIED and Defendant's Motion for Summary Judgment [18] should be GRANTED.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard*

*v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.   *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.   The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.   The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated:   August 12,   2015          s/ Mona K. Majzoub_____
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served on counsel of record on this date.

Dated:   August 12, 2015          s/ Lisa C. Bartlett
                                   Case Manager

13