UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN HENDERSON, o/b/o B.C., a Minor,

    Plaintiff,

v.                                                      Case No. 14-12209

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                               /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS;**
**(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;**
**(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;**
**AND (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Lynn Henderson appeals from Defendant Commissioner of Social Security's determination that her minor son, B.C. ("Claimant"), is not entitled to Social Security benefits for his mental impairments under 42 U.S.C. § 405(g). Magistrate Judge Mona K. Majzoub issued a Report and Recommendation ("R. & R.") advising the court to grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. (Dkt. # 21.) Plaintiff timely filed objections to the R. & R. (Dkt. # 22), to which Defendant responded (Dkt. # 23). After reviewing the R. & R. and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R. & R., the court will overrule Plaintiff's objections and adopt the R. & R.

## I. STANDARD

### A. Timely Objections and *De Novo* Review

The filing of timely objections to an R. & R. requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009)

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the ALJ. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

Although Plaintiff did not enumerate specific objections, the court will attempt to parse the objections and deal with each in turn.

## A. Objection One

Plaintiff argues that the Magistrate Judge misapprehended the argument advanced in her motion for summary judgment. (Pl.'s Obj. at 1.) The Magistrate Judge stated, "Plaintiff first argues that the ALJ erred by failing to find the Claimant is markedly limited in the domain of interacting and relating with others, asserting that the record supports such a finding." R. & R. at 7. Instead, Plaintiff claims she "specifically argued that the ALJ's decision was not supported by substantial evidence" and misapplied the Social Security regulations and rules, citing to the last sentence of the last paragraph in her motion. (Dkt. # 22, Pg. ID 467.)

The Magistrate Judge is correct, and Plaintiff is merely trying to recast the argument she presented in her motion. Plaintiff's "Arguments" section comprises two parts. Part A begins with the heading, "The Evidence Established A Marked Impairment In Interacting And Relating With Others." (Id. at Pg. ID 406.) Part B begins with the heading, "The Evidence Establishes A Marked Impairment In Caring For Yourself." (Id. at Pg. ID 413.) Those headings accurately reflect the substance of their respective sections. Plaintiff's motion, in sum, argues that there is substantial evidence to support a conclusion different than that reached by the ALJ.

This argument misses the mark. Substantial evidence to support one conclusion is not exclusive of substantial evidence for another. *See Casey*, 987 F.2d at 1233 ("Substantial evidence exists . . . even if that evidence could support a decision the other way."). The Magistrate Judge correctly rejected Plaintiff's faulty argument, and went on to find that substantial evidence did support the ALJ's conclusion that Claimant was not markedly limited in the domain of interacting and relating with others.

### B. Objection Two

Plaintiff next objects that "[t]he MJ . . . ignored the ALJ's complete failure to weigh or in any way consider opinion evidence from BC's teachers and medical evidence from Paul D. Ward, Ph.D." (Pl.'s Obj. at 2-3.) This contention is unfounded. The Magistrate Judge addressed the ALJ's decision to give these opinions limited weight in the section of the R. & R. titled "The Medical Opinions of Record." (R. & R. at 11-12.) The Magistrate Judge found, and the court agrees, that the ALJ did consider these opinions and gave sufficient rationale for the limited weight she afforded them. (*See id.* at 12.)

### C. Objection Three

Plaintiff's lastly objects that "[t]he MJ did not even consider the fact that the ALJ prominently relied on a clear misstatement in the record about BC's failure to progress academically as a result of his impairments." (Pl.'s Obj. at 4.) The "clear misstatement" Plaintiff refers to is Dr. Ayeni's statement that Claimant "is in the appropriate grade," and that is argued to be a misstatement because Claimant actually repeated the sixth grade. (*Id.*) Plaintiff goes on to state that "Dr. Ayeni's report was incorrect as records apparently not available to Dr. Ayeni showed that [the Claimant] had repeated the sixth grade." (*Id.*) As Defendant points out, there was no misstatement at all. On the same report in which Dr. Ayeni stated that Claimant was in the appropriate grade, Dr. Ayeni also wrote, "redoing 6th grade, though patient appeared to have been young for his grade." (Dkt. # 10-7, Pg. ID 242.) Thus, it appears Dr. Ayeni approved of the decision to hold back Claimant, and believed that Claimant was formerly in an inappropriate grade given his age. Thus, as the statement was not in error and was a sensible conclusion

for Dr. Ayeni to reach, the ALJ and the Magistrate Judge did not make a mistake in considering it.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's objections [Dkt. # 22] are OVERRULED and the Magistrate Judge's report and recommendation [Dkt. # 21] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [Dkt. # 18] is GRANTED and Plaintiff's Motion for Summary Judgment [Dkt. # 17] is DENIED.

    s/Robert H. Cleland            
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 28, 2015, by electronic and/or ordinary mail.

    s/Lisa Wagner            
Case Manager and Deputy Clerk
(313) 234-5522